# GOLDBERG KOHN LTD.

November 16, 2010

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 11/17/10]

david.chizewer@goldbergkohn.com
direct phone: 312.201.3938
direct fax: 312.863.7438

**VIA FACSIMILE** – (212) 805-7912

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

[Stamp: RECEIVED NOV 16 2010 CHAMBERS OF JOHN G. KOELTL U.S.D.J.]

Re:   **Lori Jo Vincent, *et al.* v. The Money Store, *et al.***
       Case No. 03 CIV 2876 (JGK)

Dear Judge Koeltl:

As Your Honor knows, this firm represents Moss Codilis in the above-referenced matter. I have attached the first page of Moss Codilis' Motion for Summary Judgment and the first page of each of the supporting documents, to demonstrate that all were timely filed via the ECF system on November 12, 2010, and now all appear on the ECF/PACER docket. Nevertheless, yesterday we received an email through the ECF system indicating that the documents were filed in error because "This case is not ECF." Notably, we have made other filings on behalf of Moss Codilis through the ECF system without incident.

We kindly request that Your Honor issue an appropriate order which can be provided to the Clerk's office and any other appropriate entity ordering that this case is, or should be, set up for ECF filing and ordering the removal of the "Non-ECF Case Error" notation that now appears on the docket next to each of the summary judgment-related entries filed by Moss Codilis.

In the alternative, if Your Honor prefers, we can send hard copies directly to the Clerk asking that they be filed manually and entered on the docket as effective November 12, 2010. Please simply let us know Your Honor's preference.

We apologize for consuming the Court's precious time with these sort of regrettable nuisances.

Sincerely,

/s/ David J. Chizewer
David J. Chizewer

[Handwritten order:]
1. The Clerk is directed to treat this case as an ECF case and to remove any instructions to the contrary.
2. The Clerk is directed to accept Moss Codilis' Summary Judgment filings and to remove the "Non-ECF Case Error" note.
So ordered.  /s/ John G. Koeltl
11/16/10                        U.S.D.J.

3122352v1 11/16/2010 11:26:36 AM   4921.007

TEL 312.201.4000  FAX 312.332.2196  WEB WWW.GOLDBERGKOHN.COM
55 EAST MONROE STREET SUITE 3700 CHICAGO ILLINOIS 60603-5802

MERITAS LAW FIRMS WORLDWIDE

GOLDBERG KOHN LTD.

The Honorable John G. Koeltl
November 16, 2010
Page 2


DJC/dmo
Enclosures

cc:  Paul S. Grobman, Esq. (w/o encl.) (via email)
     Himanshu R. Sharma, Esq. (w/o encl.) (via facsimile)
     Kenneth F. McCallion, Esq. (w/o encl.) (via email)
     W. Hans Kobelt, Esq. (w/o encl.) (via email)
     Daniel A. Pollack, Esq. (w/o encl.) (via email)
     Thomas P. Battistoni, Esq. (w/o encl.) (via email)

Case 1:03-cv-02876-JGK   Document 130   Filed 11/12/10   Page 1 of 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------X
LORI JO VINCENT, RUTH ANN               :
GUTIERREZ, LINDA U. GARRIDO, and        :
JOHN GARRIDO, on behalf of themselves and :
all others similarly situated,          :
                                        :     No. 03 CV 2876 (JGK)
              Plaintiffs,               :
                                        :
       - against -                      :     MOSS CODILIS' MOTION FOR
                                        :     SUMMARY JUDGMENT
THE MONEY STORE, TMS MORTGAGE,          :
INC., HOMEQ SERVICING CORP., and        :
MOSS, CODILIS, STAWIARSKI, MORRIS,      :
SCHNEIDER & PRIOR, LLP,                 :
                                        :
              Defendants.               :
----------------------------------------X
```

Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis"), pursuant to Federal Rule of Civil Procedure 56, hereby moves this Court to enter summary judgment in its favor and against Plaintiffs and in support thereof states as follows:

1.  Plaintiffs have asserted claims against Moss Codilis based on fraud, unjust enrichment, a now-repealed Colorado statute, and the California Business and Professions Code. Each of these claims is based exclusively on Plaintiffs' allegation that Moss Codilis engaged in the unauthorized practice of law. The claims centered on Moss Codilis' work on behalf of The Money Store ("TMS") to generate and mail thousands of default notices to TMS borrowers who were delinquent on their home loans (the "Breach Letter Program"). Specifically, Plaintiffs allege that during the course of her day-to-day responsibility for overseeing the generation and mailing of the default notices, Ms. Nash, an unlicensed attorney, was engaged in the

Case 1:03-cv-02876-JGK   Document 131   Filed 11/12/10   Page 1 of 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
LORI JO VINCENT, RUTH ANN :
GUTIERREZ, LINDA U. GARRIDO, and :
JOHN GARRIDO, on behalf of themselves and :
all others similarly situated, :
: No. 03 CV 2876 (JGK)
    Plaintiffs, :
:
    - against - :
: MOSS CODILIS' MEMORANDUM
THE MONEY STORE, TMS MORTGAGE, : IN SUPPORT OF ITS MOTION
INC., HOMEQ SERVICING CORP., and : FOR SUMMARY JUDGMENT
MOSS, CODILIS, STAWIARSKI, MORRIS, :
SCHNEIDER & PRIOR, LLP, :
:
    Defendants. :
---------------------------------------------------------- X

## INTRODUCTION

All of Plaintiffs' claims against Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis") are based on a falsity – that Moss Codilis engaged in the unauthorized practice of law when it sent default notices on behalf of TMS Mortgage Services, Inc. ("TMS") to delinquent borrowers. Plaintiffs base this false premise exclusively on the fact that Christina Nash, who had day-to-day responsibility for sending out the default notices, was not licensed to practice law. Plaintiffs ignore that (a) Ms. Nash did not engage in legal work; (b) was always supervised by a properly licensed attorney; and (c) was replaced midway through the Moss Codilis-TMS relationship by another properly licensed attorney.

Plaintiffs willfully ignore these facts. Indeed, Plaintiffs made no attempt to investigate or develop the factual basis for any of their claims in this case – they never deposed

Case 1:03-cv-02876-JGK   Document 132   Filed 11/12/10   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
LORI JO VINCENT, RUTH ANN                                        :
GUTIERREZ, LINDA U. GARRIDO, and                                 :
JOHN GARRIDO, on behalf of themselves and                        :
all others similarly situated,                                   :
                                                                 :   No. 03 CV 2876 (JGK)
                   Plaintiffs,                                   :
                                                                 :   **MOSS CODILIS' LOCAL
       - against -                                               :   CIVIL RULE 56.1 STATEMENT
                                                                 :   OF MATERIAL FACTS**
THE MONEY STORE, TMS MORTGAGE,                                   :
INC., HOMEQ SERVICING CORP., and                                 :
MOSS, CODILIS, STAWIARSKI, MORRIS,                               :
SCHNEIDER & PRIOR, LLP,                                          :
                                                                 :
                   Defendants.                                   :
---------------------------------------------------------------- X

1.      In April 1997, TMS Mortgage, Inc. ("TMS"), a mortgage loan servicing company, retained Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis") to enforce TMS' rights under the mortgages it serviced. Moss Codilis agreed to perform services for TMS related to the creation, development, and operation of a program to send delinquent borrowers default notices that were a prerequisite to foreclosing on the mortgages TMS serviced (the "Breach Letter Program"). See Exhibit 1 to the Declaration of Christina Nash (the "Nash Dec."), attached hereto as Exhibit A (Engagement Contract between TMS and Moss Codilis); Exhibit B (Excerpts of the Deposition of John Dunnery), at 549. The contract was signed on behalf of Moss Codilis by Bill Breeden, who signed as the Operations Manager of Moss Codilis, a non-legal title. Exhibit 1 to Nash Dec. at 4. Mr. Breeden also signed an amendment to the contract effective January 10, 1998, as the "COO, Non-Legal Affairs". Id., at 5. Moss Codilis communicated to TMS that, given the nature of the Breach Letter Program, Mr. Breeden, a