UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI JO VINCENT, RUTH ANN GUTIERREZ, LINDA U. GARRIDO, and JOHN GARRIDO, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> - against -<br><br>THE MONEY STORE, TMS MORTGAGE, INC., HOMEQ SERVICING CORP., and MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP,<br><br>    Defendants. | No. 03 CV 2876 (JGK)<br><br>**DEFENDANT MOSS CODILIS' MOTION FOR LEAVE TO FILE AMENDED ANSWER** |

   Defendant, MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP ("Moss Codilis"), by and through its attorneys, GOLDBERG KOHN LTD., hereby submits this Motion for Leave to File Amended Answer, pursuant to Federal Rule of Civil Procedure 15(a)(2), and in support thereof states as follows:

   1. Moss Codilis has recently discovered two errors in its Answer to Plaintiffs' First Amended Complaint, filed on October 20, 2010 ("Answer"). They are little more than typographical errors, though Plaintiffs attempt to exploit one of them. Moss Codilis now seeks leave to amend its Answer pursuant to Federal Rule of Civil Procedure 15(a)(2).

2.  One of these errors has regrettably been interpreted by Plaintiffs as an "admission" – one that is contrary to the uncontested evidence thus far adduced in this case. Specifically, Moss Codilis stated in its Answer:

> Moss Codilis admits that the letters at issue in this case were printed by a computer, and that the process by which the files were received from The Money Store by Moss Codilis and by which the information received was used to create and send the default notices was, during **the** portion of time in which Moss Codilis was preparing and sent out default notices for The Money Store, overseen by someone who was not licensed to practice law, and who was not entitled to practice law in the State of Colorado.

Answer ¶ 23 (Docket Entry No. 127) (emphasis added). This statement has been interpreted by Plaintiffs as an admission that an attorney not licensed to practice law in Colorado oversaw the printing and sending out of default notices (the "Breach Letter Program") during the *entire* time that Moss Codilis performed work for TMS Mortgage Inc. ("TMS"). Plaintiffs' Opposition to Moss Codilis' Motion for Summary Judgment at 17-18 (Docket Entry No. 140).

3.  The entirely uncontroverted evidence previously adduced in this case – long before Moss Codilis filed this Answer – shows that this interpretation is false. As noted in several of Moss Codilis' pleadings and in the Deposition of Christina Nash, Valerie Bromley, an attorney licensed in Colorado, took over the administration of the Breach Letter Program in October 1999. See, e.g., Deposition of Christina Nash, Docket Entry No. 90, at 43:19-24 (dated June 23, 2003); Declaration of Christina Nash, Docket Entry No. 90, ¶ 9 (filed June 24, 2009).

4. In its Answer, Moss Codilis inadvertently used the article "the" instead of the article "a." Use of the word "the" seems to imply, incorrectly, that Ms. Nash oversaw the Breach Letter Program during the entire time it was in existence. But that interpretation does not even make sense because it does not give any meaning to the term "portion" which, by definition, means some fraction of the time, as opposed to the entire time. Moss Codilis intended the word "the" to be "a", which makes the answer not only consistent with the definition of the term "portion," but is also consistent with all of its facts previously disclosed. Substituting "a" in place of "the" would accurately indicate that Ms. Nash oversaw the Breach Letter Program for only a "portion" of the time Moss Codilis was doing work for TMS.

5. Moss Codilis seeks to amend the statement in Paragraph 23 of its Answer so that "the" becomes "a" as follows:

> Moss Codilis admits that the letters at issue in this case were printed by a computer, and that the process by which the files were received from The Money Store by Moss Codilis and by which the information received was used to create and send the default notices was, during **a** portion of time in which Moss Codilis was preparing and sent out default notices for The Money Store, overseen by someone who was not licensed to practice law, and who was not entitled to practice law in the State of Colorado.

Moss Codilis' Proposed Amended Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint ¶ 23, attached hereto as Exhibit A.

6. In addition, Moss Codilis discovered that it answered Paragraphs 59 through 62 in Count III of the First Amended Complaint, setting forth Plaintiffs' claim under the California Unfair Business Practices Act, as if that claim had not been asserted against

Moss Codilis. The unanswered factual allegations in Count III, however, are merely repeats of allegations that Moss Codilis already answered earlier in the document. Count III also contains a couple allegations of law that follow directly from the repeated factual allegations. Thus, despite having not answered Count III, there are no additional factual allegations in that Count which Moss Codilis has not already answered. Thus, Moss Codilis' proposed amended answers to Count III, which it inadvertently failed to answer, would not change any substantive answers. Moss Codilis seeks to amend its non-responsive answers to Count III of the Amended Complaint so as to deny that the facts previously alleged constitute a violation of the California Unfair Business Practices Act.

7. Leave to amend pleadings "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>Anthony v. City of New York</u>, 339 F.3d 129, 138 (2d Cir. 2003) (leave to amend answer should be granted, even while summary judgment motion was pending, because there was no showing of bad faith or undue delay by defendant seeking amendment). In this case, Moss Codilis filed its Answer less than three months ago in response to Plaintiffs' Amended Complaint, filed seven years after the original Complaint. Moss Codilis made an error in its Answer, which is now being seized upon by Plaintiffs in a futile attempt to evade summary judgment. Under these circumstances, it would be unjust to deny Moss Codilis leave to amend its Answer.

8. No other changes to the Answer are proposed, and no party will be prejudiced by the granting of this Motion. Plaintiffs have known since 2003 that Ms. Bromley was involved in the Breach Letter Program and have known since 2009 (before Plaintiffs filed their Amended Complaint) that Ms. Bromley took over Ms. Nash's duties in

-5-

October 1999.  Moreover, the answers now added to the allegations in Count III were merely repeats of answers made earlier in this document.

WHEREFORE, Defendant Moss Codilis respectfully requests that this Court grant leave to file the Proposed Amended Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, attached hereto as Exhibit A.

Dated:  January 18, 2011	Respectfully submitted,

MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP


By: /s/ David J. Chizewer
    David J. Chizewer (ARDC 06206747)
    Jon E. Klinghoffer (ARDC 06270082)
    GOLDBERG KOHN LTD.
    55 East Monroe Street, Suite 3300
    Chicago, Illinois  60603
    (312) 201-4000

    Thomas P. Battistoni (TPB 8012)
    SCHIFF HARDIN LLP
    900 Third Avenue, 23rd Floor
    New York, New York  10022
    (212) 753-5000

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused a copy of **DEFENDANT MOSS CODILIS' MOTION FOR LEAVE TO FILE AMENDED ANSWER** to be served via email and via the Court's ECF/electronic mailing system on January 18, 2011 upon the following:

> Paul S. Grobman
> Law Offices of Paul S. Grobman
> 555 – Fifth Avenue
> 17th Floor
> New York, New York  10017
>
> Himanshu R. Sharma
> Neal A. DeYoung
> Sharma & DeYoung LLP
> Suite 2002
> 286 Madison Avenue
> New York, New York  10017
>
> Kenneth F. McCallion
> McCallion & Associates LLP
> 24 West 40th Street
> New York, New York  10018
>
> W. Hans Kobelt
> Daniel A. Pollack
> McCarter & English, LLP
> 27th Floor
> 245 Park Avenue
> New York, New York  10167

    /s/ David J. Chizewer
    David J. Chizewer