```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
LORI JO VINCENT, ET AL.,

                  Plaintiffs,          03 Civ. 2876 (JGK)

        - against -                    MEMORANDUM OPINION
                                       AND ORDER
THE MONEY STORE, ET AL.,

                  Defendants.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiffs, Lori Jo Vincent, Ruth Ann Gutierrez (also known as Ruth Ann Alamillo), Linda U. Garrido, and John Garrido (collectively "the plaintiffs") move pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York for reconsideration of this Court's order dated September 29, 2011, declining to exercise supplemental jurisdiction over the plaintiffs' state law claims after dismissing the plaintiffs' federal claim under § 1666d of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., which was the only remaining federal claim in the action.

### I.

The standard to be applied to a motion for reconsideration under Local Rule 6.3 is well-established. It is the same as the standard that was applied under former Local Civil Rule 3(j). See United States v. Letscher, 83 F. Supp. 2d 367, 382 (S.D.N.Y.

1999) (collecting cases).  The moving party is required to demonstrate that "the Court [] overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court."  Nakano v. Jamie Sadock, Inc., No. 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000) (citation omitted).

The decision to grant or deny a motion for reconsideration "rests within the sound discretion of the district court."  Id.  The rule "is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court."  Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996) (internal quotation marks and citation omitted); see also Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 313 (S.D.N.Y. 2005), aff'd Bellikoff v. Eaton Vance Corp., 481 F.3d 110 (2d Cir. 2007); Nakano, 2000 WL 1010825, at *1.

## II.

The plaintiffs brought the underlying action ("the Vincent case") against The Money Store, TMS Mortgage, Inc., HomEq Servicing Corp. (collectively "The Money Store Defendants") and Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis") alleging violations of TILA, as well as other claims including breach of contract, fraud, unjust enrichment, and other state law claims.  The plaintiffs alleged, among other

things, that they were charged improper legal fees and expenses by the defendants in connection with mortgage loans they had taken out on their homes and that they were the victims of improper debt collection practices.

In a related case, also before this Court, plaintiff Joseph Mazzei alleged that the same Money Store Defendants sued in the Vincent case violated TILA and other federal statutes, and California state law by charging unauthorized fees and expenses in connection with his loan agreement ("the Mazzei case"). Mazzei did not bring any claims against Moss Codilis.

On September 29, 2011, the Court issued a Memorandum Opinion and Order in the Mazzei case denying the Money Store Defendants' motion for summary judgment dismissing the plaintiff's TILA claim. Mazzei v. Money Store, No. 01 Civ. 5694, 2011 WL 4501311 (S.D.N.Y. Sept. 29, 2011). On that same day, the Court issued a Memorandum Opinion and Order in the Vincent case, which order is the subject of this motion for reconsideration. Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 4501325 (S.D.N.Y. Sept. 29, 2011). In this decision, the Court granted summary judgment dismissing the plaintiffs' claim under TILA, concluding that The Money Store Defendants did not qualify as "creditors" under TILA and therefore could not be held liable under the statute. Id. at *5. Only state law claims were asserted against Moss Codilis. The Court denied Moss Codilis' motion for summary judgment, which sought to

3

dismiss the state law claims, concluding that issues of fact remained as to whether the law firm had engaged in the unauthorized practice of law.  Id. at *7.  The Court, however, declined to exercise supplemental jurisdiction over the plaintiffs' state law claims against The Money Store Defendants and Moss Codilis on the basis that the only federal claim remaining in the action, the TILA claim, had been dismissed, and it was therefore appropriate to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).  Id. at *5-7.  The plaintiffs now move for reconsideration of this decision to decline to exercise supplemental jurisdiction.

## III.

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367.  Under subsection (a) of that section:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  If a district court has supplemental jurisdiction over a claim under § 1367(a), it may only decline to exercise such jurisdiction if one of the bases set forth in subsection 1367(c) is present.  See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011);

4

Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998) ("[T]he discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)."). Subsection 1367(c) enumerates four such categories where a court may decline to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The plaintiffs argue that reconsideration is warranted here because this Court overlooked controlling precedent which rendered its decision to decline supplemental jurisdiction improper. In particular, the plaintiffs rely on the decision of the Court of Appeals for the Second Circuit in Achtman v. Kirby McInerney & Squire, LLP, 464 F.3d 328 (2d Cir. 2006), which held that a federal claim in one action could serve as a predicate for supplemental jurisdiction under § 1367(a) over a state law claim in a separate action, provided that the claims arose from a "common nucleus of operative fact." Id. at 335-36. In Achtman, the plaintiffs brought a state law malpractice action in federal court against attorneys who had represented them in a prior federal securities fraud action. The district court

5

dismissed the malpractice claim for failure to state a claim. The Court of Appeals affirmed the dismissal on the merits after concluding that the district court had supplemental jurisdiction over the malpractice action under § 1367(a) because "the facts underlying the present malpractice claims and the underlying securities claims 'substantially overlap[],' creating a common nucleus of operative fact." Id. at 336 (citation omitted). This was true notwithstanding the fact that the claims in question arose in two separate actions. Id. at 335 ("As a threshold matter, we recognize that some district courts have refused to rely on the existence of subject matter jurisdiction in one action to provide supplemental jurisdiction over claims in a related action. This distinction, however, has never troubled us." (citations omitted)).

The plaintiffs argue that this Court overlooked the import of Achtman when it declined to exercise supplemental jurisdiction even though a federal claim remained in the Mazzei case which, the plaintiffs argue, could have served as a jurisdictional predicate for the state law claims in the Vincent case. While recognizing that the Court has discretion to decline to exercise supplemental jurisdiction under § 1367(c)(3) when the Court has dismissed all claims over which it has original jurisdiction, the plaintiffs argue that "Achtman teaches that § 1367(c)(3) does not trigger such statutory discretion where continuing original jurisdiction exists over a

related claim in another action." (Pls.' Mem. of Law in Supp. of Mot. for Recons. at 8.)  This contention, however, cannot be squared with a fair reading of Achtman or of the supplemental jurisdiction statute.

Achtman addressed the circumstances under which a federal court possesses jurisdiction under § 1367(a), rather than the circumstances under which a federal court which possesses such jurisdiction may decline to exercise it under § 1367(c).  However, this Court did not dismiss the plaintiffs' state law claims on the basis that supplemental jurisdiction under § 1367(a) was lacking.  Indeed, unlike in Achtman which raised only a state law malpractice claim, it was plain in this case that supplemental jurisdiction was proper because the plaintiffs filed federal claims at the outset of the litigation and the existence of supplemental jurisdiction is determined at the outset of the litigation.  See, e.g., Hatch v. Town of Middletown, 311 F.3d 83, 85 n.2 (1st Cir. 2002); United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1219-20 (10th Cir. 2000) ("We recognize that a federal court must have constitutional power to exercise pendent jurisdiction.  The scope of a federal court's jurisdictional power, however, does not fluctuate with the fate of a federal claim at trial or on appeal, but exists if the federal claim initially had substance sufficient to confer subject matter jurisdiction on the court." (internal quotation marks and citation omitted)).

This Court declined to exercise supplemental jurisdiction under § 1367(c)(3) in light of the fact that it had dismissed the TILA claim, which was the only remaining federal claim in this action. Vincent, 2011 WL 4501325, at *5, *7.  It was plainly within this Court's discretion to decline to exercise supplemental jurisdiction in this situation and the Court of Appeals never addressed the applicability of § 1367(c) in Achtman.  Instead, Achtman dealt with the well-recognized rule in the Second Circuit that when an issue of attorney's fees or attorney conduct in a federal litigation is litigated, it can be brought in federal court under § 1367(a) as sufficiently related to the federal claim.  See Achtman, 464 F.3d at 336; Itar-Tass Russian News Agency, 140 F.3d at 445.  Thus, Achtman in no way constrains the Court's discretion to decline to exercise supplemental jurisdiction when one of the enumerated categories under § 1367(c) is present.

The plaintiffs argue, however, that this Court was incorrect to conclude that the requirements of § 1367(c)(3) were met in this case.  While acknowledging that this Court had indeed dismissed all federal claims in the Vincent action, the plaintiffs point to the fact that a federal claim remained in the Mazzei action, a claim which they contend shares a common nucleus of operative fact with the state law claims in the Vincent action.  The plaintiffs contend that "Achtman effectively precludes reliance on § 1367(c)(3) under these

circumstances," where all federal claims in one action have been dismissed but a related federal claim remains in a separate action. (Pls.' Reply Mem. of Law in Supp. of Mot. for Recons. at 2.) However, the Court of Appeals never addressed the applicability of § 1367(c)(3) in Achtman and did not hold that reliance on § 1367(c)(3) to decline supplemental jurisdiction over state law claims in an action where all federal claims have been dismissed is improper simply because a federal claim remains in a separate, related action. Achtman did not deal with that situation.

Finally, the plaintiffs argue that this Court failed to analyze each of the factors articulated in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), before declining to exercise supplemental jurisdiction, contrary to the instructions of the Court of Appeals. See Shahriar, 659 F.3d at 245 ("[W]here at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in [Gibbs]: economy, convenience, fairness, and comity." (quoting Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004))). However, this Court did consider the values articulated in Gibbs by referring to "the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity . . . ." Vincent, 2011 WL 4501325, at *5 (quoting

9

Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003)). The Court noted the Court of Appeals' guidance in Valencia that, where all federal claims in the action have been dismissed, the balance of these factors would generally weigh in favor of declining to exercise supplemental jurisdiction, and found that there was no basis for deviating from this balance in the present case. Id. In reaching this conclusion, the Court noted that considerations relevant to the Gibbs analysis – such as whether the case was on the eve of trial, and whether it presented complex issues of state law – weighed against exercising supplemental jurisdiction in the present case, given that the case was not near to trial and the plaintiffs' state law claims raised complex issues of California law.[1] See id. (citing, among other cases, Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998) (considering the complexity or novelty of state law questions to be relevant to the analysis of values such as comity articulated in Gibbs); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1191-92 (2d Cir. 1996) (considering whether the federal claims were dismissed on the eve of trial as relevant to Gibbs analysis)). The plaintiffs

---

[1] The plaintiffs appear to interpret the Court's discussion of the complex issues of California law raised by the plaintiffs' state law claims to have tacitly invoked § 1367(c)(1) as an alternative basis for declining supplemental jurisdiction. However, this discussion was instead directed toward the Court's analysis of the Gibbs factors.

10

have presented no basis for the Court to reconsider its prior analysis in this respect.[2]

Because the plaintiffs have not demonstrated that the Court overlooked any controlling decisions or factual matters that were put before it on the underlying motion, their motion for reconsideration is **denied**.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the plaintiffs' motion for reconsideration is **denied**. The Clerk is directed to close Docket No. 158.

SO ORDERED.

Dated:   New York, New York
         November 29, 2011

_____
John G. Koeltl
United States District Judge

---

[2] Indeed, it should be noted that, while the plaintiffs rely on the existence of the Mazzei case to avoid dismissal, the Mazzei case involved different plaintiffs, different loans, an additional defendant, and an ongoing federal TILA claim that does not exist in this case.

11