UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――――
Lori Jo Vincent, Et Al.,

            Plaintiffs,         03 Civ. 2876 (JGK)

        - v.-                   **MEMORANDUM OPINION AND ORDER**

The Money Store, Et Al.,

            Defendants.
―――――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

    The plaintiffs move for partial reconsideration of the Court's Memorandum Opinion and Order dated March 18, 2014.  The plaintiffs seek reconsideration only with respect to the Court's determination that the plaintiffs are judicially estopped from renewing various state law claims.

    "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (citation and internal quotation marks omitted).  The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion.  See Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996); In re Houbigant, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  This rule is "narrowly construed and strictly applied so as to avoid

1

repetitive arguments on issues that have been considered fully by the Court." Walsh, 918 F. Supp. at 110; see also Ackerman v. Ackerman, 920 F. Supp. 2d 473, 474 (S.D.N.Y. 2013).

In this case, the plaintiffs have failed to demonstrate that the Court overlooked any controlling decision or any factual matters that were put before the Court in the underlying motion. Although the plaintiffs make several arguments not raised in the underlying motion, a party seeking reconsideration "may not use a motion for reconsideration to advance new facts, arguments, or theories that were available but not previously presented to the Court." United States v. Billini, No. 99 Cr. 156, 2006 WL 3457834, at *1 (S.D.N.Y. Nov. 22, 2006) (citations omitted). While the plaintiffs disagree with the Court's decision, this is not a basis for reconsideration. See, e.g., R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009). Accordingly, the plaintiffs' motion for reconsideration is **denied**. **The Clerk is directed to close Docket No. 194.**

**SO ORDERED.**

**Dated: April 24, 2014**
       **New York, New York**                    _____/s/_____
                                         **John G. Koeltl**
                                 **United States District Judge**

2