UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LORI JO VINCENT, RUTH ANN GUTIERREZ, and
LINDA U. GARRIDO and JOHN GARRIDO, on behalf
of themselves and all others similarly situated,

                      Plaintiffs,

-- against --

THE MONEY STORE, TMS MORTGAGE, INC.,
HOMEQ SERVICING CORP., and MOSS, CODILIS,
STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP,

                      Defendants.

------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2015

Case No. 03 Civ. 2876 (JGK)

## [PROPOSED] PRELIMINARY APPROVAL ORDER WITH RESPECT TO NOTICE OF CLASS ACTION AND HEARING ON PROPOSED SETTLEMENT

**WHEREAS**, Plaintiffs have made an application, pursuant to Rule 23(e), Fed. R. Civ. P., for an order preliminarily approving the Settlement of the Litigation in accordance with the Stipulation of Settlement, Dismissal, and Releases dated July 21, 2015 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth terms and conditions for a Settlement of the Litigation and for dismissal of the Litigation as against Defendants on the merits, with prejudice; and the Court having considered the Stipulation and the exhibits annexed thereto; it is hereby

**ORDERED**:

1. The Definitions in the Stipulation are incorporated herein.

2. The Class is comprised of all borrowers of loans owned or serviced by Defendants and who, on or after June 22, 2000, were sent breach letters from the law firm of Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis") pursuant to a breach

letter program and who thereafter reimbursed Defendants for fees paid to Moss Codilis for those breach letters. For avoidance of doubt, the Class shall be deemed to consist only of the 12,204 persons listed on the class list provided by Plaintiff to Defendants on June 4, 2015. The Class was certified, pursuant to Rule 23, Fed. R. Civ. P., by an Opinion and Order of this Court, dated February 2, 2015.

3. Plaintiff Ruth Ann Gutierrez is the Class Representative.

4. Plaintiffs' Counsel, Paul S. Grobman, 555 Fifth Avenue, New York, New York 10017 is counsel for the Class and is authorized to act on behalf of Plaintiffs and Class Members with respect to all acts and consents required by, or that may be given pursuant to, the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

5. The Settlement of the Litigation and all Settled Claims for the amount of $450,000 plus accrued interest from date of deposit, is preliminarily approved as fair, reasonable and adequate.

6. A hearing (the "Settlement Hearing") shall be held before this Court on November 4, 2015 at 4:30 p.m. in the Courtroom of the Honorable John G. Koeltl in the United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York 10007 to determine: (i) whether the Settlement should be approved as fair, reasonable and adequate; (ii) whether an order approving the Settlement and a Judgment should be entered thereon dismissing the Litigation against Defendants on the merits, with prejudice; (iii) whether the proposed Plan of Distribution, is fair and reasonable and should be approved; and (v) whether the application by Plaintiffs' Counsel for an award of Attorney's Fees and expenses is reasonable and should be approved.

- 2 -

ME1 20812910v.1

7. All papers in support of the Settlement and any application for Attorney's Fees and expenses shall be filed at least ~~(5)~~ 45 days before the Settlement Hearing.

8. The Settlement Hearing may, from time to time, and without further notice to the Class, be continued or adjourned by Order of the Court.

9. Pursuant to Rule 23, Fed. R. Civ. P., the Court approves, as to form and content, the Notice of Class Action and Hearing on the Proposed Settlement (the "Notice"), as Exhibit A. and finds that the Notice, reasonably informs the Class of the pendency and nature of the Litigation, the terms of the Settlement, the Class Members' rights with respect to the Settlement, and the Settlement Hearing. Plaintiffs' Counsel is authorized to issue the Notice, in substantially its present form, to persons in the Class that can be identified through reasonable effort.

10.

(a) Plaintiffs' Counsel is hereby authorized to retain a firm to act as Claims Administrator to supervise and administer the notice procedures as well as the processing of claims as more fully set forth below.

(b) Not later than thirty (30) days from the date hereof, Plaintiffs' Counsel shall cause a copy of the Notice to be mailed by first-class mail to all persons in the Class. The date of such initial mailing shall be referred to as the "Notice Date;"

(c) The Court directs Plaintiffs' Counsel and/or the Claims Administrator to establish an internet publication of the Notice. A dedicated case website also shall be maintained by Plaintiffs' Counsel or the Claims Administrator, with a domain name substantially similar to www.homeqbreachfeeclassaction.com, and shall be established, with appropriate tags, and making available on the website copies of the Notice, the Opinion and Order dated February 2, 2015 and such other information as may be of assistance to persons in the Class. The website is

to be published within thirty (30) days from the entry of this Order. Plaintiffs' Counsel shall also publish the Notice on his website, together with copies of the Opinion and Order dated February 2, 2015. The website shall include a small downloadable form that persons in the Class can utilize to "Opt Out"; and

    (d)    At least seven (7) days before the Settlement Hearing, Plaintiffs' Counsel shall serve on Counsel for Defendants and file with the Court proof, by affidavits or declarations, of the mailing of the Notice and maintenance of the website.

11.    The Court finds that the mailing and the maintenance of the website ordered herein meet the requirements of due process and Rule 23, Fed. R. Civ. P., and any other applicable law, and are the best and most practicable notice under the circumstances and constitute due and sufficient notice to all persons in the Class of the Settlement Hearing, the Settlement, the application for an award of Attorney's Fees and expenses, the Plan of Distribution and other matters set forth in the Notice.

12.    All persons in the Class shall have the option to exclude themselves from the Class and thereby elect not to participate in the Settlement Fund or be bound by the Settlement. Persons in the Class who desire to exclude themselves from the Class must do so in accordance with the instructions contained in the Notice. All persons who submit valid and timely requests for exclusion (i.e."Opt Out") from the Class shall not be Class Members and shall have no rights with respect to the Settlement and have no interest in the Settlement Fund.

13.    All persons in the Class who have not submitted timely and valid requests for exclusion (i.e."Opt Out") , shall be barred from asserting any and all Settled Claims, and all such members of the Class shall be conclusively deemed to have released Defendants and the

- 4 -

MEI 20812910v.1

Released Parties from any and all Settled Claims, and shall be bound by all determinations and judgments in the Litigation.

14. Pending final determination of whether the Settlement should be approved, no Plaintiff, Class Representative or person in the Class shall commence, maintain, or prosecute against Defendants or the Released Parties, any action or proceeding in any court or tribunal asserting any and all Settled Claims.

15. Pending final determination of whether the Settlement should be approved, all proceedings and all further activity between the Settling Parties regarding or directed towards the Litigation, except for those activities and proceedings relating to the Stipulation and the Settlement, shall be stayed.

16. Any Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. If they do not enter an appearance, they will continue to be represented by Plaintiffs' Counsel, Paul S. Grobman, 555 Fifth Avenue, New York, New York 10017.

17. Any person in the Class who has not filed a valid and timely request for exclusion (i.e. "Opt Out") may object to the fairness, reasonableness or adequacy of the Settlement, or express his or her views regarding the Settlement, the application by Plaintiffs' Counsel for an award of Attorney's Fees and expenses, or any other relevant matters, and may present evidence and file briefs or other papers relating to the issues to be heard and determined by the Court. Objections to (i) Settlement and the entry of the Judgment approving the Settlement, or (ii) the application by Plaintiffs' Counsel for an award of Attorney's Fees and expenses shall be heard and any papers submitted in support of these objections shall be received and considered by the Court at the Settlement Hearing (unless, in its discretion, the Court shall direct otherwise) only if

such Class Member files, on or before ~~(__) days before the Settlement Hearing~~ October 5, 2015, notice of his intention to appear and copies of any papers in support of his position, as well as proof that he is a Class Member with the Clerk of the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, New York 10007, and serve copies of such notice and papers by hand or first-class mail on Plaintiffs' Counsel, and to Counsel for Defendants, McCarter & English LLP, 245 Park Avenue, New York, New York 10167, Attention: Mabel Andrews. Any person in the Class who files a valid and timely request for exclusion (i.e."Opt Out") may not object to the Settlement. By filing an objection, a Class Member acknowledges that he is subject to the jurisdiction of the Court, and the decisions and Judgment of the Court shall be binding. Any Class Member who does not object in this manner shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement, to any Judgment that may be entered, to the award of Attorney's Fees and expenses to Plaintiffs' Counsel, and to the Plan of Distribution.

18.     The Claims Administrator shall notify, *via* email and U.S. mail, both counsel identified above of each request for exclusion within two (2) days of receipt.

19.     Upon the Effective Date, Plaintiffs and each Class Member, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators shall be deemed to have, and by operation of the Judgment shall have, fully, finally, unconditionally and forever released, settled and discharged Defendants and other Released Parties from and with respect to all Settled Claims, and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Litigation against the Released Parties.

20.     Upon the Effective Date, Plaintiffs and each Class Member, and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators will be forever barred and enjoined from commencing, instituting or prosecuting any of the Settled Claims or any action or other proceeding against any of the Defendants and other Released Parties with respect to, based on, or arising from, the Settled Claims.

21.     Upon the Effective Date, Defendants forever release and discharge Plaintiffs, their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Litigation.

22.     Upon the Effective Date, no one other than Class Members shall have any right to any portion of, or in the distribution of, the Settlement Fund, unless otherwise ordered by the Court.

23.     In the event the Settlement is disapproved in accordance with the terms of the Stipulation, the Stipulation and the Settlement shall have no force or effect (except those provisions that, by their terms, expressly survive disapproval of the Settlement), and all negotiations, proceedings, documents prepared and statements made in connection therewith shall be without prejudice to the Settling Parties and shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition and shall not be used in any manner or for any purpose in any subsequent proceeding in the Litigation or in any other action or proceeding, except as set forth in the Stipulation, and the Settling Parties shall be restored to

their respective positions in the Litigation existing prior to July 1, 2015, preserving all of their respective claims and defenses.

24.     Within ten (10) days of disapproval of the Settlement, (i) the Bank holding the Settlement Fund shall transfer the Settlement Fund, plus all accrued interest thereon, to Defendants in accordance with the Stipulation. Plaintiffs' Counsel shall undertake all steps necessary to achieve these results within the time period specified.

25.     Only Class Members shall have any rights with respect to approval of or objection to the Settlement, the Plan of Distribution or Plaintiffs' Counsel's request for Attorney's Fees and expenses. If a Class Member seeks to appeal approval of the Settlement, or of any part thereof, such Class Member must formally intervene as a party under Rule 24, Fed. R. Civ. P.

26.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault or wrongdoing of any kind.

27.     The Court may adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class Members.

DATED:     New York, New York
           August 4, 2015.

                                        _____
                                        John G. Koeltl
                                        United States District Judge

- 8 -

MEI 20812910v.1

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORI JO VINCENT, RUTH ANN
GUTIERREZ, and LINDA U. GARRIDO and
JOHN GARRIDO, on behalf
of themselves and all others similarly situated,

Civil Action No.: 03 Civ. 2876 (JGK)

Plaintiffs,

vs.

THE MONEY STORE, TMS MORTGAGE,
INC., HOMEQ SERVICING CORP., and
MOSS, CODILIS, STAWIARSKI,
MORRIS, SCHNEIDER & PRIOR, LLP.

Defendants.

**NOTICE OF PROPOSED SETTLEMENT AND SETTLEMENT HEARING**

**THIS NOTICE IS DIRECTED TO ALL BORROWERS OF LOANS OWNED OR SERVICED BY THE MONEY STORE DEFENDANTS AND WHO, ON OR AFTER JUNE 22, 2000, WERE SENT BREACH LETTERS FROM THE LAW FIRM OF MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP. ("MOSS CODILIS") PURSUANT TO A BREACH LETTER PROGRAM AND WHO THEREAFTER REIMBURSED THE MONEY STORE DEFENDANTS FOR FEES PAID TO MOSS CODILIS FOR THOSE BREACH LETTERS. FOR AVOIDANCE OF DOUBT, THE CLASS SHALL BE DEEMED TO CONSIST ONLY OF THE 12,204 PERSONS LISTED ON THE CLASS LIST PROVIDED BY PLAINTIFFS TO DEFENDANTS ON JUNE 4, 2015.**

**YOU MAY BE A MEMBER OF THE CLASS. THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

### THIS IS *NOT* A NOTIFICATION THAT YOU HAVE BEEN SUED.
### SUMMARY OF THE LAWSUIT

On April 24, 2003, Plaintiffs Lori Jo Vincent, Ruth Ann Gutierrez and Linda and John Garrido ("Plaintiffs") filed a class action complaint No. 03 Civ. 2876 (JGK) ("the Lawsuit" or "the Litigation") in the United States District Court for the Southern District of New York. Defendants in the Litigation included The Money Store, TMS Mortgage, Inc., and HomEq Servicing Corp. On October 12, 2010, Plaintiffs filed an Amended Complaint ("the Complaint") against Defendants. On November 12, 2010, Defendants filed their Answer ("the Answer") to the Complaint. On February 2, 2015, the Court granted class certification with Ruth Ann Gutierrez as the class representative, denying that status to Lori Jo Vincent and Linda and John Garrido.

The Lawsuit alleged that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

Defendants have denied and continue to deny the claims and contentions alleged by Plaintiffs, have asserted and continue to assert defenses thereto, and have expressly denied and continue to deny any wrongdoing or legal liability. Defendants are entering into the Settlement solely in order to avoid further expense, inconvenience, risk and delay and thereby to put to rest all controversy with respect to the Litigation and Settled Claims. Neither the Settlement, nor any action taken to carry out the Settlement, may be construed as, or may be used as, an admission by or against Defendants or any of them of any fault, wrongdoing or liability whatsoever.

Counsel for Plaintiffs and the Class ("Class Counsel" or "Plaintiffs Counsel") has fully investigated the facts, analyzed the applicable law, and has considered such other sources of information as they deemed to be necessary to evaluate the fairness of the proposed settlement. Based on the Class Counsel's review of the facts and the law and their evaluation of the substantial and immediate benefits which the settlement will confer upon the Class, Class Counsel has determined that the proposed settlement is fair,

ME1 20813225v.1

reasonable, adequate and in the best interests of the Class. The terms of the proposed settlement are summarized below.

The Court has not ruled on the merits of Plaintiffs' claims or on the denials of liability and other defenses made by Defendants in the Lawsuit. Therefore, this Notice should not be viewed as an expression of any opinion by the Court on the merits of Plaintiffs' claims or defenses by Defendants in the Lawsuit.

### I. THE CLASS AND YOUR RIGHT TO BE EXCLUDED

The Court has certified a Class defined as follows:

*All borrowers of loans owned or serviced by Defendants and who, on or after June 22, 2000, were sent breach letters from the law firm of Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis") pursuant to a breach letter program and who thereafter reimbursed Defendants for fees paid to Moss Codilis for those breach letters.*

For avoidance of doubt, the Class shall be deemed to consist only of the 12,204 persons listed on the class list provided by Plaintiffs to Defendants on June 4, 2015.

If you fall within the foregoing Class definition, you will be a Class Member unless you exclude yourself from the Class.

If you do not wish to be a Class Member, you may exclude yourself from the Class by mailing a notice of exclusion post-marked not later than October 5, 2015 (30 days before the final fairness hearing) addressed to the Claims Administrator at the address set forth below:

KCC CLASS ACTION SERVICES, LLC
2335 Alaska Avenue
El Segundo, CA 90245

TBD Company
123 Main Street
Anytown, NY 11111

The notice of exclusion must state your name and address. If you choose to exclude yourself from the Class, any claims you might have against Defendants will not be affected by this settlement. HOWEVER, IF YOU EXCLUDE YOURSELF, YOU WILL NOT RECEIVE THE BENEFITS OF THIS SETTLEMENT.

If you do not timely exclude yourself from the Class and the settlement is approved and becomes final, you will be deemed to have entered into the Release described below in Section V.

### II. THE PROPOSED SETTLEMENT

Under the terms of the Settlement, Defendants have agreed to pay Four Hundred Fifty Thousand Dollars ($450,000) (the "Settlement Fund") for the benefit of the Class to resolve the claims asserted against them in the Lawsuit. Additionally, Defendants have agreed to reimburse Plaintiffs' Counsel's actual costs and expenses incurred, up to Fifty Thousand Dollars ($50,000), associated with the administration of the Settlement.

One Thousand Dollars ($1,000) of the Settlement Fund will be distributed to the Class Representative and Four Hundred Forty Nine Thousand Dollars ($449,000) will be distributed equally to all Class Members who have not filed a valid and timely request for exclusion ("Opt Out"). Each such Class Member's share will be determined by dividing the balance of the Settlement Fund by the number of Class Members who have not filed a valid and timely request for exclusion (i.e. "Opt Out") Defendants shall have no responsibility for, and no obligations or liabilities of any kind whatsoever in connection with distribution, determination, administration, calculation or payment of claims to Class Members.

If approved, the Settlement will result in the dismissal on the merits, with prejudice, of the lawsuit and the release of claims described in Section V.

### III. HOW TO RECEIVE YOUR PORTION OF THE SETTLEMENT

Only Class Members who do not request exclusion from the Class are eligible to receive the benefits provided by the settlement.

The settlement benefits described above will not be provided to claimants unless and until the Court grants final approval of the settlement, and any appeals from the Judgment have been completed.

### IV. ATTORNEY'S FEES AND EXPENSES

Class Members will have no obligation to pay Class Counsel any attorneys' fees or expenses, and will have no obligation to pay for the administration of the settlement or the cost of notice. Class Counsel, Paul S. Grohman, Esq., will represent you as a member of the Class. You may, if you so desire, enter an appearance through an attorney of your choosing who will then represent you. You will, however, be responsible for the fees and costs charged by your own attorney.

Plaintiffs' Counsel shall be paid separately from the Settlement Fund. Plaintiffs' Counsel may apply for a reasonable attorney's fee. Defendants will pay the reasonable attorney's fee awarded by the Court. Defendants will neither support nor oppose Plaintiffs' Counsel's application provided that it does not exceed $450,000. In the event that it does,

2

ML1 20813225v.1 ME1 20813225v.1

Defendants have the right to oppose and have advised Plaintiffs' Counsel that they will do so.

## V. RELEASE

In exchange for the foregoing benefits provided by Defendants, pursuant to the settlement, Class Members who do not timely exclude themselves from the Class, on behalf of themselves, their heirs, executors, administrators, successors, trustees and assigns, shall remise, release and forever discharge Defendants and other released parties from claims, including unknown claims, that were asserted or which could have been asserted in the Lawsuit or which arise from or relate or arise as a consequence of the acts and omissions complained of therein, except that the Settled Claims do not include and areis not intended to include recoveries, if any, on those claims which were tried and are being appealed in *Mazzei v. The Money Store*, 01-cv-5694 (S.D.N.Y. 2001) or recoveries, if any, on the fraud claim sought to be certified in *Vincent v. The Money Store*, 11-cv-7685 (S.D.N.Y. 2011).

Further, Defendants shall release and forever discharge Plaintiffs from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Lawsuit.

## VI. WHAT THE SETTLEMENT MEANS

The proposed settlement is intended to settle all claims and causes of action that Plaintiffs asserted or could have asserted against Defendants in the Lawsuit. If you do not exclude yourself from the Class and the settlement is approved and becomes final, you will be deemed to have entered into the Release described above in Section V, and all of the Court's orders will apply to you.

If the settlement is approved by the Court and becomes final, the settlement will be consummated. If the settlement is not approved by the Court or does not become final for any other reason, the Lawsuit will continue.

## VII. HEARING ON THE SETTLEMENT

The Court will hold a hearing on November 4, 2015 at 4:30 P.M., 2015, in Courtroom 12B, 500 Pearl Street, New York, NY to determine whether the proposed settlement should be approved as fair, adequate and reasonable; whether an Order approving the Settlement and a final Judgment should be entered thereon dismissing the Litigation in its entirety on the merits, with prejudice; whether the proposed Plan of Distribution is fair and reasonable; and also to determine the amount of attorney's fees and expenses that should be awarded to Class Counsel. The hearing date may be changed without further notice to you individually.  YOU DO *NOT* NEED TO APPEAR IN COURT.

Any Class Member who has not elected to be excluded from the Class may object to approval of the proposed settlement or to the applications for attorneys' fees and expenses, and may appear at the hearing, and also be heard individually or through your own counsel, but ONLY if you have submitted a WRITTEN objection and notice of intention to appear. Any objection must be in writing and must be filed with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007 and also mailed to Class Counsel for the Class at the address set forth below, in Section VIII, no later than –October 5, 2015 ——(30 days before the hearing). Any objections shall state the name and number of this litigation (Vincent v. The Money Store, *et al*, 03-cv-2876 JGK), the objecting Class Member's name and address; each specific reason for the Class Member's objection; and any legal authority for such objection. Failure to file timely written objections will preclude a Class Member from objecting at the hearing.

## VIII. ADDITIONAL INFORMATION

The pleadings and other records in this litigation, including a copy of the Stipulation, may be examined at any time during regular office hours at the Clerk's Office, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY.

If you need additional information, you should call or write to the following attorney for the Class below:

Paul Grobman, Esq.
555 Fifth Avenue, Suite 1700
New York, NY 10017
(212) 983-5880

**PLEASE DO NOT CALL THE COURT, THE CLERK OR DEFENDANTS REGARDING THIS SETTLEMENT.**

3