UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

LORI JO VINCENT, RUTH ANN GUTIERREZ, and
LINDA U. GARRIDO and JOHN GARRIDO, on behalf
of themselves and all others similarly situated,

                            Plaintiffs,

                    -- against --

THE MONEY STORE, TMS MORTGAGE, INC.,
HOMEQ SERVICING CORP., and MOSS CODILIS,
STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP,

                            Defendants.

-----------------------------------------------------------------x

Case No. 03 Civ. 2876 (JGK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED. 12-4-15

## [~~PROPOSED~~] JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF ALL CLAIMS

The Class Representative, Plaintiffs and Defendants (as those terms are defined in the Stipulation of Settlement, Dismissal, and Releases dated July 21, 2015) (the "Stipulation"), by and through their attorneys, have executed and filed the Stipulation; the Court having given its preliminary approval to the Stipulation and having entered its Order thereon dated August 4, 2015, directing that Notice of Proposed Settlement and Settlement Hearing be mailed to the Class and scheduling a hearing to be held to, among other things, determine whether the Settlement should be approved as fair, reasonable and adequate; to approve the Plan of Distribution of the Settlement Fund; to determine Plaintiffs' Counsel attorney's fees and expenses; said notice having been given; hearings having been held on November 4, 2015 and December 3, 2015, at which all interested persons were given an opportunity to be heard; and the

Court having read and considered all submissions in connection with the Settlement, and having reviewed and considered the files and records herein, the Court finds and concludes that:

The Class is, for purposes of the Litigation, the Settlement and this Judgment and Order of Dismissal with Prejudice of All Claims (the "Judgment"), all borrowers of loans owned or serviced by Defendants and who, on or after June 22, 2000, were sent breach letters from the law firm of Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP ("Moss Codilis") pursuant to a breach letter program and who thereafter reimbursed Defendants for fees paid to Moss Codilis for those breach letters. For avoidance of doubt, the Class shall be deemed to consist only of the 12,204 persons listed on the class list provided by Plaintiffs to Defendants on June 4, 2015.

The Class Representative is Ruth Ann Gutierrez.

In accordance with the Stipulation, and the Preliminary Approval Order With Respect To Notice of Class Action And Hearing On Proposed Settlement ("Preliminary Approval Order"), which the Court entered on August 4, 2015, Plaintiffs' Counsel caused to be mailed to the Class a notice (the "Notice") dated September 3, 2015 and placed the Notice on one or more websites it caused to be created for providing the Notice to the Class.

Approval of the Settlement will result in substantial savings in time and money ~~for the Court and~~ for the Settling Parties and will further the interests of justice.

The Stipulation is the product of good faith arm's length negotiations by the Settling Parties and Plaintiffs' Counsel was fully empowered to negotiate all aspects of the Settlement and the Stipulation.

NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Definitions in the Stipulation are incorporated herein.

-2-

2. The Court has jurisdiction over the subject matter of the Litigation and the Settling Parties, including the Class Members.

3. The conditions of the Settlement set forth in the Stipulation have been satisfied.

4. The Litigation and any and all Settled Claims, are dismissed on the merits, with prejudice.

5. The Stipulation and Settlement are fair, reasonable and adequate, and are approved in all respects. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

6. The Class Representative and each person in the Class who has not timely and validly requested exclusion (*i.e.* "Opt Out") are Class Members. Persons in the Class who have filed valid and timely requests for exclusion are not bound by the Judgment.

7. The notice provided to the persons in the Class constituted the best and most practicable notice under the circumstances and included individual notice to all persons in the Class identified by reasonable effort. The declaration of mailing filed with this Court on November 13, 2015, demonstrated that this Court's Order dated August 4, 2015 has been complied with and, further, that the best notice practicable under the circumstances was in fact given and constituted valid, due and sufficient notice to the Class, complying fully with due process and Rule 23, Fed. R. Civ. P.

8. Plaintiffs and each Class Member, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators are deemed to have, and by operation of the Judgment shall have, fully, finally, unconditionally and forever released, settled and discharged Defendants and other Released Parties from and with respect to all Settled

Claims, and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Litigation against the Released Parties.

9. "Settled Claims" means any and all claims (including "Unknown Claims"), demands, rights, obligations, controversies, debts, damages, losses, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for violations of any state or federal statutes, rules or regulations, or common law, by Plaintiffs, any Class Representative or Class Member against Defendants, whether direct or derivative in nature, arising out of, based upon or relating in any way to breach letter fees charged under the Moss Codilis breach letter program, from June 22, 2000 to the date of this Settlement, as well as any other claims asserted in the Litigation, except that the Settled Claims do not include and are not intended to include recoveries, if any, on those claims which were tried and are being appealed in *Mazzei v. The Money Store*, 01-cv-5694 (S.D.N.Y. 2001) or recoveries, if any, on the fraud claim sought to be certified in *Vincent v. The Money Store*, 11-cv-7685 (S.D.N.Y. 2011).

10. "Unknown Claims" means any Settled Claim that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties that, if known by him, her or it, might have affected his, her or its settlement with Defendants and release of the Released Parties or other action including, but not limited to, the decision not to object to the Settlement. Plaintiffs expressly waive on behalf of themselves and the Class Members any and all rights that they may have under any statute or common-law principle that would limit the effect of the foregoing releases to those claims actually known or suspected to exist at the time of execution of the Stipulation, including but not limited to the provisions of Section 1542 of the California Civil Code, to the extent deemed applicable

(notwithstanding that the Stipulation does not provide for the application of California law), which provides as follows:

> § 1542. General release; extent
>
> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

11. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but each Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

12. Plaintiffs and each Class Member, and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators are forever barred and enjoined from commencing, instituting or prosecuting any of the Settled Claims or any action or other proceeding against any of the Defendants and other Released Parties with respect to, based on, or arising from the Settled Claims.

13. Defendants forever release and discharge Plaintiffs, their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Litigation.

14. These releases and injunctions shall not extend to claims arising out of any violations of the Stipulation. If the Settlement is disapproved in accordance with the terms of the Stipulation, then this Judgment and the Stipulation shall have no force or effect, and all negotiations, proceedings, documents prepared and statements made in connection therewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition and shall not be used in any manner or for any purpose in the Litigation or in any other action or proceeding, except as set forth in the Stipulation, and the Parties to the Litigation shall be restored to their respective positions prior to July 1, 2015. The Settling Parties shall remain subject to the Court's jurisdiction for purposes of enforcing the provisions of this paragraph.

15. Neither this Judgment nor the Stipulation nor any document referred to herein nor any action taken pursuant to or to carry out the Stipulation is or may be deemed to be or may be used as an admission by or against any of the Settling Parties of any fact, claim, defense, assertion, matter, contention, fault, culpability, obligation, wrongdoing or liability whatsoever. Entering into or carrying out the Stipulation (or an Exhibit thereto) and any negotiations or proceedings related thereto shall not in any event be construed as, or be deemed to be evidence of, an admission or concession with regard to the denials or defenses of any of the Defendants and shall not be offered or received in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the

provisions of the Stipulation (and any Exhibit thereto) or the provisions of any related agreement or release; except that the Stipulation and its Exhibits may be filed in this Litigation or related litigation as evidence of the Settlement, and in any subsequent action the Stipulation and its Exhibits may be filed by Defendants or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

16. Plaintiffs' Counsel is directed to have the Settlement Fund transferred to the Settlement Account and to thereafter have the Plan of Distribution for the Settlement Fund implemented in accordance with the provisions and procedures set forth in the Stipulation.

17. The Plan of Distribution and any order entered regarding the application by Plaintiffs' Counsel for an award of Attorney's Fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Defendants shall have no responsibility for, or any obligations or liabilities of any kind whatsoever in connection with, the Plan of Distribution or the determination, administration, calculation or payment of claims to Class Members. Plaintiffs' Counsel determined the Plan of Distribution; Defendants take no position with respect to the Plan of Distribution, the manner of calculating it or its effect on or fairness to any Authorized Claimant.

18. The Court reserves jurisdiction, without affecting the finality of this Judgment, over (a) implementing, administering and enforcing the Settlement and the Stipulation and any distribution of the Settlement Fund; (b) this action until this Judgment becomes effective; (c) all parties to this action and the Class Members for the purpose of enforcing and administering the Stipulation; and (d) other matters related or ancillary to the foregoing.

19. The Court finds that during the course of this Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

20. ~~The attorney's fees and expenses in the amount of $_____ as determined by the Court at the Hearing on December 3, 2015 are hereby approved.~~

21. The Court expressly determines, within the meaning of Rule 54(b), Fed. R. Civ. P., that there is no just reason for delay, and directs the entry of this Judgment.

SO ORDERED

Dated: New York, New York

12/3, 2015

/s/ John G. Koeltl
Honorable John G. Koeltl
United States District Judge

20. The Court hereby approves an award of attorneys' fees to the plaintiff in the amount of $450,000 to be divided as follows: $359,356.50 to Paul Grobman; $8,872.50 to Joseph Jones; and $81,771.00 to Sharma & DeYoung. The Court also approves an award of costs to the plaintiff in the amount of $45,500.

- 8 -